

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00651-CR

Gregorio Ortiz **GARZA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR10604
Honorable Sid L. Harle, Judge Presiding

Opinion by: Luz Elena D. Chapa, Justice

Sitting: Sandee Bryan Marion, Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: July 24, 2013

MOTION TO WITHDRAW GRANTED; AFFIRMED

Gregorio Ortiz Garza appeals the judgment convicting him of aggravated assault with a deadly weapon and sentencing him to ten years' incarceration. Garza's court-appointed appellate attorney filed a motion to withdraw and a brief in which he raises no arguable points of error and concludes this appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Garza was provided a copy of the brief and motion to withdraw and was informed of his right to review the record and file his own brief.

Garza filed a pro se brief and a motion requesting we order counsel to file a brief on the merits. Garza contends he did not receive a fair trial, primarily because he received ineffective assistance of counsel. "For a claim of ineffective assistance of counsel to succeed, the record must demonstrate both deficient performance by counsel and prejudice suffered by the defendant. An ineffective-assistance claim must be 'firmly founded in the record' and 'the record must affirmatively demonstrate' the meritorious nature of the claim." *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012) (citations omitted). To establish deficient performance, the record must both show the acts or omissions complained of and reflect counsel's reasons for so acting or failing to act. *Id.* at 592-93. Here, the record does not reflect most of the acts and failures of which Garza complains. Further, counsel has not been given the opportunity to explain the reasons for his actions. Having carefully reviewed the record, counsel's brief, and Garza's pro se brief, we find nothing that might arguably support a direct appeal. *See Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007) ("a reviewing court on direct appeal will rarely be able to fairly evaluate the merits of an ineffective-assistance claim, because the record on direct appeal is usually undeveloped and inadequately reflective of the reasons for defense counsel's actions at trial); *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002) ("Generally the record on direct appeal will not be sufficient to show that counsel's representation was so deficient as to meet the first part of the *Strickland* standard. The reasonableness of counsel's choices often involves facts that do not appear in the appellate record. A petition for writ of habeas corpus usually is the appropriate vehicle to investigate ineffective-assistance claims.").

After reviewing the record, counsel's brief, and Garza's brief, we find no reversible error and agree with counsel the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We therefore grant the motion to withdraw filed by Garza's counsel and affirm the trial court's judgment. *See id.*; *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—

San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).

No substitute counsel will be appointed. Should Garza wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days after either this opinion is rendered or the last timely motion for rehearing or motion for en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review must comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH